LOTTINGER, Judge.
This is a suit for total and permanent disability benefits under the Louisiana Workmen’s Compensation law. The petitioner is Frank M. Lee who, at the time of the accident, was working for Hammond Foods, Inc., a Louisiana corporation domiciled at Hammond, Louisiana. The defendants are Hammond Foods, Inc. and its workmen’s compensation insurer, American Motorists Insurance Company. The Lower Court granted judgment awarding total and permanent benefits to petitioner, and the defendant has taken this appeal.
The facts, which are not in dispute, disclose that on January 12, 1963, while in the employ of Hammond Foods, Inc., the petitioner did slip and fall while carrying a tray of potatoes. On the morning of January 14, 1963, the petitioner was seen by Dr. E. J. Daly, a general practitioner, who was the company doctor for Hammond Foods, Inc.
Dr. Daly testified that upon appearing at his office, the petitioner disclosed the fact of the accident and was complaining of pain to his back. Dr. Daly found no objective symptoms. The petitioner last saw Dr. Daly on February 2, 1963, at which time the doctor testified that the pain had subsided and that he then advised petitioner to return to light duty for one week and then resume his full range of activities.
During the three week period from January 14, 1963 until February 2, 1963, Dr. Daly saw and treated the petitioner on six *325 occasions. The doctor testified that on none of these occasions did he find any external manifestations of a disc injury, and he felt that the injury was that of a mild lumbar sprain for which he prescribed muscle relaxants and ultrasonic treatment. Dr. Daly took no x-rays, nor did he perform a myelogram.
Upon being discharged by Dr. Daly, the petitioner testified that he was not satisfied as he was still having pain, and so he went to see Dr. Bruce Ivy on February 18, 1963. Upon examination by Dr. Ivy, petitioner was found to have tenderness over the lower back with muscle spasms. Petitioner was complaining of pain. He returned to Dr. Ivy’s office for examination and treatment on ten occasions after which Dr. Ivy, feeling that petitioner had a ruptured disc referred him to Dr. Thomas Campanella, an orthopedic surgeon on March 25, 1963 for a myelogram. Petitioner was hospitalized on March 28, 1963 for the myelogram, and Dr. Ivy again saw the petitioner some seven or eight times while in the hospital. He last saw petitioner on May 16, 1963, at which time petitioner was still having trouble, and the doctor recommended a brace, physical therapy, heat and medication for the pain.
Dr. Thomas Campanella, who saw petitioner in consultation with Dr. Ivy on March 25, 1963, testified that his examination disclosed that petitioner had difficulty in bending backwards and to the right, both causing him pain. He found an atrophy of the right calf muscle which was diminished. The myelogram on March 28, 1963 showed disc injury to the back for which Dr. Campanella recommended surgery. He testified that petitioner was unable to do manual labor. Dr. Campanella saw petitioner on five occasions between March 25, 1963 and July 23, 1963, during which time the condition did not subside.
Dr Oliver Forman, a neurological surgeon, saw the petitioner in consultation with Drs. Ivy and Campanella on March 29, 1963, the day after the myelogram. He testified that the movements of the lumbar spine were limited and that there was light muscle spasms. He was of the opinion that the petitioner had sustained a sprain of the spine with the possibility of a ruptured disc or discs in the mid or upper lumbar region. He performed a discogram on April 2, 1963, which disclosed ruptured discs at the L-3 and L-4 joints. Dr. Forman again saw petitioner on May 8, 1963 and was of the opinion that the condition would not be corrected by surgery. He testified that the petitioner could not perform heavy manual labor.
Dr. Joseph M. Edelman, a neurological surgeon, saw petitioner on one occasion on April 24, 1963. He stated that the petitioner complained of radiating pain in the right lower extremity, but examination found no muscle spasms. He testified that the petitioner had a normal curve to his spine, but that there was moderate degeneration changes in the boney structure of the back. His examination disclosed that the disc space at the fourth lumbar and first sacral spine was rather markedly narrow, however, this condition pre-existed the accident. Upon cross examination, Dr. Edelman testified that the condition could have been caused by the accident.
The preponderance of the medical testimony discloses that the petitioner had a degenerative spinal condition prior to the accident. Such testimony, however, discloses that the present condition of the petitioner, which is that of an inability to perform heavy manual labor, was caused by the accident of January 12, 1963. The evidence shows that prior to the accident the petitioner had no trouble whatsoever in performing his usual duties of employment. Subsequent to the accident, however, which occurred on a Saturday, the petitioner went home, but, by Monday morning, his back was paining so to such an extent that he required medical attention.
The defendants take the position that the failure of Dr. Daly to find any disc injury indicates that there was none as a result of *326 the accident in question. We feel, however, that the complaints of pain by the petitioner, as well as the opinion of Dr. Daly that petitioner has sustained such an injury as to require six office visits during a three week period, indicates a serious medical condition. It must be remembered that Dr. Daly took no x-rays nor did he perform a myelogram.
Upon becoming dissatisfied with the treatment by Dr. Daly and consulting Drs. Ivy, Campanella and Forman, such examinations and procedures were administered as to definitely disclose a disc injury which, these three doctors testified, were consistent with the accident of January 12, 1963. Even Dr. Edelman testified that such could have been caused by the accident.
The claim by the defendants that the condition of petitioner pre-existed the accident is not shown by the great weight of the testimony. Although there was an indication of some degenerative condition of the back prior to the injury, we do not feel that the disc condition which causes the disability was present prior to .the injury, in view of the fact that petitioner had no difficulty in performing heavy manual labor at that time.
The Lower Court awarded judgment in favor of petitioner and against defendants at the rate of $35.00 per week for total and permanent disability not to exceed 400 weeks, subject to a credit of 15 weeks already paid for the period from January 12, 1963 through April 28, 1963, with interest, medical expenses and costs. We find no error in such award, and the judgment below will be affirmed.
Upon appeal of this matter the petitioner seeks to recover penalties and attorney fees for what they allege to be the arbitrary and capricious action on the part of defendants in discontinuing weekly benefits under the compensation act. Although we hold that the petitioner did sustain total disability which will possibly be permanent, we do not feel that the discontinuance of payments by defendants was arbitrary, in view of the medical reports of Drs. Daly and Edelman, there was such a dispute present in the medical opinions as to take their action out of the realm of arbitrary and capricious.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by defendants.
Judgment affirmed.